UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joshua Schafer, as parent and legal  　　　　　　　　　Civil No. 23-1503 (DWF/ECW)
guardian to G.S., a minor,

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　ORDER

Lakeview Public Schools, Independent
School District No. 2167 d/b/a Lakeview
High School,

　　　　　Defendant.

　　　This matter came before the Court on the amended motion of Plaintiff Joshua Schafer, as parent and legal guardian to G.S., a minor ("Plaintiff" or "G.S."), for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 10.)  The Court issued a temporary restraining order to preserve the status quo until the matter could be heard.  (Doc. No. 7.)[1]  The hearing was held on May 24, 2023, at 1:00 p.m.

　　　Having now heard the arguments on both sides and considered the evidence in the record in light of the factors required for a temporary restraining order set forth in

---

[1] The Court notes that this case and motion for a temporary restraining order was initially filed in state court, and Lyon County District Court Judge Tricia B. Zimmer entered an Order Denying Temporary Restraining Order on May 23, 2023.  (Doc. No. 17-1.)  The case was removed to this Court on May 23, 2023, by Defendants.  (Doc. No. 1-1.)  Defendants removed the case before the state court decision on the temporary restraining order was entered.

*Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981), the Court finds that Plaintiff is not entitled to a temporary restraining order.  First, Plaintiff is not likely to succeed on the merits.  The Athletic Director's decision that G.S.'s receipt of a failing grade during the fourth quarter of this year rendered him ineligible to compete in track and field beginning on 9:00 a.m. on May 24, 2023 (and thus preventing G.S. from participating in the track and field sub-section competition scheduled for May 25, 2023) was based on the Lakeview Activities Handbook and the Minnesota State High School League Rules.  Plaintiff has not demonstrated a likelihood of showing that Defendant did not properly apply those policies with respect to G.S.'s athletic eligibility.  Nor has Plaintiff demonstrated that the application of the rules—and in particular, the requirement that a student-athlete remain in "good standing" under both school and MSHSL requirements in order to remain eligible to compete—violated G.S.'s due process rights.  In addition, Plaintiff has not established that the timing of his ineligibility, which occurred at the end of his season, constitutes irreparable injury.  Finally, the balance of harms weighs in favor of Defendant.  Defendant is tasked with assuring that all athletes remain in good standing by maintaining academic eligibility and has applied the rules to other athletes for academic reasons.  An order requiring Defendant to treat G.S. differently would not serve the interests of the school or other athletes.

      Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

      1.    The Temporary Restraining Order entered on May 23, 2023 (Doc. No. [7]) is **DISSOLVED**.

2. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. [10]) is respectfully **DENIED**.

Dated: May 24, 2023                 s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge